UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PAUL HOWARD | ) |
| | ) |
| v. | ) NO. 2:04-CV-419 |
| | ) |
| RON INMAN, GARY LAWSON | ) |
| DOUG RICH, JAMES COFFEY, | ) |
| STATLER COLLINS, GREGG | ) |
| JOHNSON, and FRANK GOBLE | ) |

## **MEMORANDUM and ORDER**

Paul Howard, a prisoner in the Hamblen County Jail, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since he is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

In his complaint, the plaintiff alleges that he has been denied medical care for his back, that it is broken in five places, and that, although he has been given a back brace, he has yet to see a doctor or nurse. Indeed, he contends that his requests to see a nurse are met with derision and that the jailers treat people like animals. The Court infers that, by making these allegations, the plaintiff is alleging claims for violation of his rights to not to be subjected to cruel and unusual punishment, as guaranteed in the Eighth Amendment to the United States Constitution.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at F.3d. 1102) and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable

2

administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure, that he tried to file a grievance, but did not because "they" would not give him a grievance form. The plaintiff does not identify by name the officer(s) who denied him a grievance form nor allege that he made any other attempt to obtain a form or file a grievance without a form. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

    ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE